```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
   CHUNG H. CHO,                                      :
                                                      :
                                                      :
                              Plaintiff,              :
                                                      :         11 Civ. 3436 (KPF)
                    v.                                :
                                                      :         OPINION AND ORDER
   SEVENTH AVENUE FINE FOODS CORP.                    :
   d/b/a SMILER'S, JOON PARK, JENNY                   :
   PARK, and RYUNG HEE CHO                            :
                                                      :
                              Defendants.             :
                                                      :
------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 28, 2016

KATHERINE POLK FAILLA, District Judge:

Plaintiff Chung Cho filed the instant action against Defendants Joon Park, Jenny Park, Ryung Hee Cho, and Seventh Avenue Fine Foods Corp (collectively, "Defendants"), claiming fraudulent transfers of assets. Two of the Defendants have advanced a claim that the instant action is barred as a consequence of the settlement of a related claim in bankruptcy. For the reasons set forth in this Order, these Defendants are correct, and Plaintiff's Amended Complaint is dismissed as precluded under the doctrine of *res judicata*.

**BACKGROUND**[1]

**A.    Factual Background**

The parties are presumed to be familiar with the facts underlying this matter, which the related bankruptcy appeal opinion sets forth in detail. *See Cho* v. *Park* ("*In re Park*"), No. 15 Civ. 3572 (MCA), 2016 WL 693492, at *1-3 (D.N.J. Feb. 18, 2016).  The Court therefore recounts only the facts specifically relevant to the instant claim.

Plaintiff Chung Cho originally filed the instant action in 2011; the events underlying the Complaint began a decade prior, however, with Plaintiff's sale of his residence to Defendants Joon Park ("Park") and Jenny Park ("Ms. Park") in 2001.  (Compl. ¶¶ 7, 9).  The Parks paid for the property with a personal check drawn on a joint account held in their names; but after closing on the sale, Plaintiff was unable to cash the check due to insufficient funds in the Parks' account.  (*Id.* at ¶¶ 13-15).

At approximately the same time as their purchase of Plaintiff's residence, the Parks acquired Defendant Seventh Avenue Fine Foods Corp. ("Seventh Avenue," then doing business as "Smiler's Delicatessen") from Cho's sister, Defendant Ryung Hee Cho ("Ms. Cho").  (Compl. ¶ 29).  Ms. Cho and the Parks set a purchase price of $2 million, to be paid in monthly installments of

---

[1] Facts in this Opinion are drawn primarily from Plaintiff's Complaint ("Compl.") (Dkt #1), and Plaintiff's Amended Complaint ("Am. Compl.") (Dkt. #39), as well as the exhibits attached thereto.  The Court additionally cites to the transcript of the April 14, 2016 hearing ("Tr.").  At the time this Order was issued, the April 14 transcript had yet to be finalized.  Should any material discrepancies exist between the final transcript and the Court's citations in this Order, the Court will issue an amended Order adjusting the citations.

$20,000 to $30,000.  (*Id.*).  Plaintiff contends that this transfer was a sham, designed to hide the Parks' assets and evade paying the money owed to Plaintiff.  (*Id.* at ¶ 30).

Five years later, in 2006, Plaintiff filed a civil action against the Parks in the United States District Court for the District of New Jersey, seeking to recover the money owed to him from the sale of his residence.  (Compl. ¶ 16 & Ex. 5).  In the course of that proceeding, the parties agreed to participate in binding arbitration, and in December 2010, the Arbitrator issued an award in Plaintiff's favor (the "Award").  (*Id.* at ¶ 31).  The Superior Court of New Jersey subsequently confirmed the Award.  (*Id.* at ¶ 32 & Ex. 10).

Shortly after the issuance of the Award, the Parks represented to Plaintiff that they no longer owned Seventh Avenue; rather, they claimed to have returned the business to Ms. Cho in or about 2011 in exchange for her assumption of Seventh Avenue's debts.  *See Cho* v. *Park* ("*In re Park*"), Nos. 14 Civ. 7613, 15 Civ. 1045 (MCA), 2015 WL 3990533, at *1 (D.N.J. June 30, 2015).  The instant action represents another salvo in Plaintiff's ongoing campaign to hold Defendants liable for the reciprocal transfers of Seventh Avenue, which Plaintiff views as part of an ongoing scheme to avoid paying the money owed to him since 2001 by the Parks.[2]

On November 1, 2013, Joon Park filed a petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New

---

[2] The 2011 transfer has particular significance, Plaintiff argues, because it represents a continuing effort by Defendants to prevent Plaintiff from recovering the 2001 debt, and thus extends the relevant limitations period.  (*See* Tr. 3:7-24).

Jersey (the "Petition" or the "Bankruptcy Action"). S*ee In re Park*, 2015 WL 3990533, at *1. Cho then filed an adversary action against Park as part of that proceeding in January 2014. *Id.*

**B.   Procedural Background**

Plaintiff filed his Amended Complaint in this matter on January 23, 2014, alleging fraudulent conveyance under New York and New Jersey law against Defendants. (Am. Compl. ¶¶ 36-41). (Dkt. #39). The case was automatically stayed on March 10, 2014, pending the resolution of the Bankruptcy Action. (*See* Dkt. #46). On October 9, 2014, the Chapter 7 Trustee (the "Trustee") for Park's estate (the "Estate") filed a notice of settlement of the Estate's preferential and/or fraudulent transfer claims against Ms. Cho and Seventh Avenue (*see In re Park*, No. 13-34203 (Bankr. D.N.J.) at Dkt. #29); Cho filed an objection to the proposed settlement on October 23, 2014 (*see id.* at Dkt. #31). On November 18, 2014, the Honorable Novalyn L. Winfield of the United States Bankruptcy Court for the District of New Jersey conducted a hearing on the proposed settlement, after which Judge Winfield concluded that the settlement was appropriate. Judge Winfield issued an order documenting her approval of the settlement on December 1, 2014. (*See id.* at Dkt. #45).

This Court received notice of the Trustee's settlement of the fraudulent transfer claims against Ms. Cho and Seventh Avenue on December 5, 2014. (Dkt. #50). The Court then directed Plaintiff, by Orders dated December 5, 2014, December 9, 2014, and August 14, 2015, to submit a letter brief

4

regarding the preclusive effect of the Bankruptcy Court's Order approving settlement. (Dkt. #50, 52, 59). The Court held a hearing on April 14, 2016, at which the parties were again asked to address the preclusive effect, if any, of the proceedings in the Bankruptcy Action. (*See* Dkt. #72). For the reasons set forth in this Order, the Court now finds that Plaintiff's claims before this Court are precluded, not only as to the named debtor Park, but as to the additional three Defendants. Plaintiff's Amended Complaint is therefore dismissed.

## DISCUSSION

**A.   Applicable Law**

The preclusive effect of a prior judgment is dictated by the twin doctrines of claim preclusion and issue preclusion, which are "collectively referred to as *res judicata*." *Taylor* v. *Sturgell*, 553 U.S. 880, 892 (2008). "By 'preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate,'" claim preclusion and issue preclusion "protect against 'the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Id.* at 892 (quoting *Montana* v. *United States*, 440 U.S. 147, 153-54 (1979)); *see also Marvel Characters, Inc.* v. *Simon*, 310 F.3d 280, 286 (2d Cir. 2002) ("These related but distinct doctrines operate to prevent parties from contesting matters that they have had a full and fair opportunity to litigate, thereby conserving judicial resources and protecting parties from the expense and vexation of multiple lawsuits."). The Second Circuit has noted that "[t]hese virtues have no less value in the bankruptcy context; this is particularly true in

a Chapter 7 liquidation where it is desirable that matters be resolved as expeditiously and economically as possible." *EDP Med. Computer Sys., Inc.* v. *United States*, 480 F.3d 621, 625 (2d Cir. 2007).

*Res judicata* dictates that "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *St. Pierre* v. *Dyer*, 208 F.3d 394, 399 (2d Cir. 2000) (quoting *Federated Dep't Stores, Inc.* v. *Moitie*, 452 U.S. 394, 398 (1981)). Thus, the doctrine bars "later litigation if [an] earlier decision was [i] a final judgment on the merits, [ii] by a court of competent jurisdiction, [iii] in a case involving the same parties or their privies, and [iv] involving the same cause of action." *In re Teltronics Servs., Inc.*, 762 F.2d 185, 190 (2d Cir. 1985). "This rule applies with full force to matters decided by the bankruptcy courts." *EDP Med. Computer Sys., Inc.*, 480 F.3d at 624.

**B.   Analysis**

Plaintiff here alleges New York and New Jersey fraudulent transfer claims against Defendants — in essence, that the transfer of Seventh Avenue in or about 2011 was designed to shield assets of the Parks that could have been used to pay the arbitration award stemming from the original 2001 real estate transaction. (Am. Compl. ¶¶ 39, 41). However, the Trustee settled the Estate's fraudulent transfer claim against Ms. Cho and Seventh Avenue; the Bankruptcy Court approved that settlement; and the District Court affirmed

the approval. For the following reasons, the court-approved settlement satisfies the elements of *res judicata* so as to bar Plaintiff's instant claim.[3]

The Bankruptcy Court's order approving the Trustee's settlement constitutes a final judgment on the merits, and there is no question regarding the Bankruptcy Court's jurisdiction. *Cf. In re Adelphia Recovery Trust*, 634 F.3d 678, 695 (2d Cir. 2011) ("A bankruptcy court order confirming an asset sale is a final judgment capable of having *res judicata* effect."). The first two elements of *res judicata* are therefore met.

Turning next to the identity-of-parties requirement, Plaintiff was a party-in-interest to the bankruptcy proceeding. As for the Defendants, Plaintiff has not argued that Park, as debtor, was not a party to the prior action, and in fact acknowledged at the April 14 hearing that Plaintiff likely has no viable claim against Park in light of the latter's Petition. (*See* Tr. 8:24-9:1, 19:23). Regarding the other three Defendants, Plaintiff argues that they were not parties to the bankruptcy proceeding, and that any preclusion would therefore not extend to them. (*Id.* at 4:18-21, 10:10, 11:17-19). This argument,

---

[3] The Parks have not yet entered an appearance in this case. The Court may, however, raise the issue of *res judicata sua sponte*. *See Scherer* v. *Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 398 (2d Cir. 2003) ("[A] a court is free to raise that defense *sua sponte,* even if the parties have seemingly waived it[.]"); *accord Rollock* v. *LaBarbera*, 383 F. App'x 29, 30 (2d Cir. 2010) (summary order). Particularly on the present facts, where *res judicata* has been raised by the two appearing Defendants, and Plaintiff effectively concedes preclusion against one of the two non-appearing Defendants, judicial economy concerns counsel in favor of the Court also considering preclusion as it applies to the fourth and final Defendant. *Cf. Salahuddin* v. *Jones*, 992 F.2d 447, 449 (2d Cir. 1993) (finding *sua sponte* consideration of *res judicata* "virtually mandatory" based on, *inter alia*, Plaintiff's previous acknowledgment that a prior action addressed the same issues as his instant complaint, and the fact judicial economy would be served by avoiding relitigation).

however, founders on the facts and the law: Both Ryung Hee Cho and Seventh Avenue *were* parties to the settlement agreement that was subsequently confirmed by the Bankruptcy Court, and Ms. Park was in privity with her husband on the issues underlying this litigation.[4]  Thus, the third prong of *res judicata* is satisfied, regardless of whether each Defendant was named as a debtor in the bankruptcy action.

In considering the final element of *res judicata*, the identity of claims, courts consider "whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first."  *Monahan* v. *New York City Dep't of Corr.*, 214 F.3d 275, 289 (2d Cir. 2000) (quoting *N.L.R.B.* v. *United Techs. Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983)).  In other words, courts look to whether the two actions arise out of the "same nucleus of operative fact."  *Channer* v. *Dep't of Homeland Sec.*, 527 F.3d 275, 280 (2d Cir. 2008).  Here, the facts underlying the two actions are

---

[4]     "For purposes of claim preclusion, the requisite privity must be found in the substantial identity of the incentives of the earlier party with those of the party against whom *res judicata* is asserted."  *Chase Manhattan Bank, N.A.* v. *Celotex Corp.*, 56 F.3d 343, 346 (2d Cir. 1995).  Here, Jenny Park and her husband co-signed the mortgage application related to the property purchase that forms the genesis of Cho's claim against Joon Park; co-signed the sale contract; issued a personal check from the joint account they shared to purchase that property; and Ms. Park was named as a Grantee on the property deed at closing. (Am. Compl. ¶¶ 11-15).  Cho's creditor status against Joon Park arises from the Parks' failure to honor their check and pay Cho the agreed-upon purchase price.  Joon and Jenny Park also jointly purchased Seventh Avenue, then jointly sold it to Ms. Cho in the conveyance Cho now alleges was fraudulent. (*Id.* at ¶¶ 29-30).  Finally, Joon and Jenny Park were jointly represented by counsel in both the underlying real estate transaction and the arbitration (*Id.* at ¶ 12, 31).  Joon and Jenny Park are alleged at all times to have acted in concert; consequently, their interests and incentives are aligned so as to place them in privity for the purposes of the *res judicata* analysis.

identical: Both actions concern the conveyance of Seventh Avenue from Ms. Cho to Park, and then back to Ms. Cho, in what Plaintiff contends was a scheme to hide the Parks' assets.  Comparing Plaintiff's brief in support of its appeal of the Trustee's settlement with Plaintiff's instant pleading highlights the identity of the claims, as the two documents recite precisely the same factual, and significantly overlapping legal, contentions.  (*Compare In re Park*, 14 Civ. 7613 (MCA), at Dkt. #54, *with* Am. Compl. at Dkt. #39).

Indeed, when Cho's counsel made mention of Cho's pending claim in this Court in explaining Cho's objections to the settlement in the Bankruptcy Court, the Bankruptcy Judge observed that his pending claim was precisely that for which the Trustee was seeking settlement.  (No. 13-34203, Dkt. #54 at 5:12-17 ("[F]raudulent conveyance … would be something … that a trustee of this debtor's estate would have the responsibility for prosecuting and is actually what [the Trustee's counsel] is trying to get me to approve the settlement of.")).  Allowing Plaintiff to challenge the court-approved settlement "would necessarily call into question the validity of the [settlement] paid at that time and confirmed by the court, which is exactly what *res judicata* prohibits." *In re Adelphia*, 634 F.3d at 695.  The record shows that the claims settled by the Trustee and the claims raised in the instant action involve the same facts and the same evidence, and are otherwise identical.  Consequently, the final prong of *res judicata* is satisfied.

Despite the Court's repeated requests that Plaintiff submit a written explanation as to why he believes this action is not precluded, he has not done

9

so. (*See* Dkt. #50, 52, 59). Rather, Plaintiff's briefing has argued that the Bankruptcy Court — and, by extension, the District Court that affirmed it — erred by allowing the Trustee to settle claims which, Plaintiff contends, did not belong to the Estate. (*See generally* Dkt. #53).[5] The Court seriously doubts Plaintiff's arguments in this regard; in any event, it will not opine on the Bankruptcy Court's application of the law. The instant action is not an appeal of the Bankruptcy Court's decision; Plaintiff has already undertaken, and lost, such an appeal. Rather, this action attempts, improperly, to relitigate the fraudulent transfer claim previously settled in a different forum.

Finally, when asked to discuss the application of *res judicata* to this case, Plaintiff provided no compelling reason why that doctrine would be inapplicable; when asked, for instance, to explain why the Bankruptcy Action did not resolve the instant Complaint, Plaintiff again resorted to arguing the impropriety of the Trustee's settlement. (Tr. 7:8-14). When the Court pressed for additional reasoning, Plaintiff stated, "I believe we've cited other cases, and probably in a letter maybe to you or in some of the other papers that have been filed in this case that supports our view that we can pursue the claim irrespective of the trustee." (Tr. 8:11-14). The Court has reviewed the cases called to its attention by Plaintiff, and has conducted independent research

---

[5] Plaintiff requested an extension of time to submit briefing in response to the Court's third request for argument, which the Court denied. (Dkt. #61, 62). Plaintiff nevertheless proceeded to submit [his] briefing after the deadline set by the Court. (Dkt. #63). By Order dated September 10, 2015, the Court stated that "[b]ecause Plaintiff failed to submit its materials by the scheduled deadline and an extension was explicitly denied, Plaintiff's late-submitted letter brief (Dkt. #63) shall be STRICKEN from the record." (Dkt. #64). The Court therefore addresses only Plaintiff's response to the Court's earlier requests.

10

into this area; as it has previously explained to the parties (*see, e.g.*, Tr. 7:22-8:16), the Court has not found support for Plaintiff's position that he may, separate and apart from the Trustee, pursue the fraudulent conveyance claims in this Court after their resolution in the Bankruptcy Court. Notably, when the Court asked why the claims against Ms. Cho and Seventh Avenue were not precluded, Plaintiff admitted, "Look, to the extent there is a settlement, then that would displace the claims here." (*Id.* at 20:5-6). There is unquestionably a settlement, Plaintiff's objections to that settlement notwithstanding. Accordingly, the Court finds that *res judicata* applies to preclude Plaintiff's claims against Ms. Cho and Seventh Avenue; and, as already explained, Plaintiff's claims against the Parks similarly fail.

## CONCLUSION

For the reasons stated in this Opinion, the claims presented in Plaintiff's Amended Complaint are barred by *res judicata*. Plaintiff's Amended Complaint is therefore DISMISSED. The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated:   April 28, 2016
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge